PROVIDENCE BREWING COMPANY *vs.* JOHN W. MAXWELL & trustee.

Worcester.    October 4, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Gift.    Trustee Process.    Husband and Wife.*

In a town, where the selectmen were the board authorized to issue licenses for the sale of intoxicating liquors, they made a rule requiring that each application for a license of the first class should be accompanied by a certified check for $1,000 payable to the treasurer of the town.  The wife of an applicant for such a license borrowed $1,000 from a savings bank on a mortgage of real estate belonging to her in her own right, deposited it in a national bank and obtained

from that bank a certified check for $1,000 payable to the treasurer of the town, placed it in an envelope with her husband's application for a license of the first class and sent the envelope, containing both, to the clerk of the selectmen. The husband failed to obtain the license applied for. One of his creditors brought an action against him by trustee process and summoned the town as trustee. It was agreed by the parties that the wife performed the acts above described at the request of her husband "but did not make him a loan." A judge who heard the case without a jury found that at the time of the service of the writ upon the town it had in its possession no goods, effects or credits of the defendant, and that the check then held by the clerk of the selectmen was the property of the wife of the defendant. He refused to rule that the plaintiff as matter of law was entitled to have the trustee charged. *Held*, that the judge was warranted in finding that the defendant's wife handed her check to the clerk of the selectmen to be delivered to the treasurer of the town in case the license applied for was granted to her husband but, in case a license was not granted to him, to be returned to her, and that the judge's refusal to make the ruling asked for was right.

LORING, J. This case comes up on an exception taken by the plaintiff to the refusal of the judge * to rule that on the agreed facts the plaintiff as matter of law was entitled to have the trustee charged.

The facts agreed on were as follows: In April, 1914, one John W. Maxwell applied to the board of selectmen of the town of Clinton for a liquor license of the first class for the year beginning May 1, 1914. The board of selectmen was the board authorized to issue liquor licenses in Clinton. Before Maxwell's application the board had issued a notice requiring that all applications for liquor licenses of the first class should be accompanied by a certified check for $1,000 payable to the treasurer of the town. On April 4, Maxwell's wife borrowed from a savings bank the sum of $1,000 on a mortgage of real estate owned by her in her own right. She took the $1,000 to the First National Bank of Clinton, deposited it in that bank in her own name and asked the vice president of the bank to give her a certified check for the amount of the deposit. Thereupon the vice president gave her a check for $1,000 signed by him drawn on the First National Bank and payable "to the order of C. E. Shaw, Treas." C. E. Shaw was treasurer of the town of Clinton. Maxwell's wife then obtained from Maxwell's attorney the application for the liquor license signed by her husband, placed the application and the check in an envelope, sealed the envelope and sent it to Otto Schmidt, the clerk of the

---

* *Sanderson*, J.

board of selectmen of Clinton. It was agreed that "Mary Maxwell did these acts upon the request of the defendant [her husband], but did not make him a loan." Subsequently on April 17, 1914, the board of selectmen voted to grant thirteen liquor licenses (the full number of licenses which by law could be granted in that town) to thirteen persons named in the vote. The defendant was not among the thirteen. After the vote of the selectmen the plaintiff brought an action of trustee process against the defendant Maxwell in which the town of Clinton was summoned as a trustee of Maxwell. This writ was served not upon the town of Clinton nor upon its treasurer, but upon Otto Schmidt, the clerk of the board of selectmen. At the time of the service of the trustee process upon Schmidt the check for $1,000 (payable to the order of C. E. Shaw) was in the possession and custody of Schmidt as clerk of the board of selectmen.

Upon these facts the following finding was made by the judge of the Superior Court: "The court finds that, at the time of the service of the writ upon the trustee in the above entitled case, the trustee had in its possession no goods, effects or credits of the defendant and that the check then held by the clerk of the board of selectmen of the town of Clinton was the property of Mary Maxwell, wife of the defendant."

The money deposited in the First National Bank when it was deposited there was the money of Mrs. Maxwell. The check upon that bank, signed by the vice president and payable to C. E. Shaw, the treasurer, was her check when it was drawn and delivered to her. The judge was warranted in finding that the check continued to be her property. It was agreed by the parties that Mrs. Maxwell did not make a loan to her husband. That being so, the judge was warranted in finding that what Mrs. Maxwell did was to hand her check to the clerk of the board of selectmen to be delivered by him to Shaw, the treasurer of the town, in case a liquor license was granted by the board of selectmen to Maxwell, but, in case a liquor license was not granted to Maxwell, to return the check to her.

The special finding that the check was the property of Mrs. Maxwell disposes of the question of the plaintiff's right to have the trustee charged. Under these circumstances it is not necessary to point out other difficulties which stand in the way of the plain-

tiff having the town charged as trustee and his exception sustained.

The entry must be

*Exceptions overruled.*

The case was submitted on briefs.

*T. L. Walsh, C. B. O' Toole & J. H. Walsh, Jr.,* for the plaintiff.
*G. E. O' Toole & J. H. O'Brien,* for the claimant.