CHARLES J. O'CONNELL, trustee in bankruptcy, *vs.* CITY OF WORCESTER, JAMES HANLEY BREWING COMPANY, claimant.

Worcester.    October 2, 1916. — November 27, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Order. Assignment. Bankruptcy,* Unlawful preference.

Partners, who had applied to the license commissioners of Worcester for a license to sell intoxicating liquors, borrowed from a brewing company ·$1,000, which they deposited with the city treasurer to be applied on their liquor license, "if granted," and gave to the brewing company as security for the loan the following order signed by them and addressed to the city treasurer: "If we are not successful in having a liquor license granted to us, pay to [the brewing company], or order, the sum of one thousand ($1,000) dollars deposited with you this day as advance payment or deposit with our application for liquor license." The order was presented promptly by the lender to the city treasurer. It was the intention of the signers of the order and of the lender that the order should operate as an assignment of the amount deposited with the city treasurer, subject only to the contingency that the deposit might be retained by the treasurer in payment of the fee due for the liquor license, if granted. The license was refused. Afterwards the applicants were adjudicated bankrupts. At the time of the application for the license and the delivery of the order they were insolvent, but there was nothing to show that the order was not executed and delivered in good faith and without fraud. The trustee in bankruptcy of the applicants for the license brought an action of contract against the city to recover the deposit of $1,000.· The brewing company intervened as claimant and claimed the

$1,000 under the order. *Held,* that the order, having been given as security for a present indebtedness, operated as an assignment and none the less so by reason of the limitation contingent on the happening of a future event, which had not occurred, and that a finding was warranted that the money deposited with the city treasurer was the property of the claimant.

In the same case it appeared that, at the time of the loan and the giving of the order as security the lender knew that the borrowers were insolvent but it also appeared that they had not at that time been adjudicated bankrupts, and it was *held* that the giving of the order as security in good faith was not an unlawful preference under the bankruptcy act.

CONTRACT, by the trustee in bankruptcy of William J. Courtney and Fred J. Courtney, copartners, to recover the sum of $1,000 deposited with the defendant at the time such partners applied to the license commissioners of the defendant for a license to sell intoxicating liquors. Writ dated October 30, 1914.

The James Hanley Brewing Company, a corporation, filed an intervening petition as claimant and was made a party to the action.

In the Superior Court the case was tried before *Callahan,* J., without a jury. The material facts, including the order and the assignment mentioned below, are stated in the opinion.

The plaintiff asked the judge to make the following ruling: "That as neither the order nor the assignment delivered by the Courtneys to the claimant was for a present interest or intended to pass control of the money in dispute nothing passed thereunder at the time either or both were made, and both are of no effect so far as this plaintiff is concerned."

The judge refused to make this ruling, and found for the claimant in the sum of $1,000. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. H. Meagher, E. Zaeder. & C. J. O'Connell,* for the plaintiff.

*J. P. Halnon,* for the claimant.

CROSBY, J. This is an action brought by the trustee in bankruptcy of William J. Courtney and Fred J. Courtney, for the benefit of the bankrupt estate. The claimant contends that it is entitled to the fund in question by virtue of an order and an assignment, each of which is dated March 27, 1914. The case was tried before a judge of the Superior Court, who made certain findings of fact and found for the claimant in the sum of $1,000, the amount of the fund.

The judge found that on March 27, 1914, the Courtneys, as copartners, made application for a license of the first class to sell intoxicating liquors in the defendant city; that with their application they deposited with Harry C. Smith, the city treasurer, a check for $1,000 payable to his order and signed by the claimant; that the applicants being without funds, borrowed from the claimant the amount so deposited. The check was sent by the claimant to Henry L. Parker, an attorney at law in Worcester, who represented both the claimant and the Courtneys in this matter; "thereupon Parker delivered to the treasurer the check and took his receipt, acknowledging the receipt of $1,000 from 'Wm. J. and Fred J. Courtney as Wm. J. Courtney & Co., to apply on 1914 liquor license, if granted.'" The judge further found that the order hereinafter referred to "was delivered to the treasurer by Parker when the check was deposited and that in this particular he acted in behalf of the claimant . . . that the order was given by the Courtneys contemporaneously with the loan as security therefor." The order is as follows:

"March 27, 1914.

Harry C. Smith, City Treasurer of Worcester, Mass. If we are not successful in having a liquor license granted to us, pay to James Hanley Brewing Company, Providence, R. I., or order, the sum of one thousand ($1,000) dollars deposited with you this day as advance payment or deposit with our application for liquor license. William J. Courtney, Fred J. Courtney."

We are of opinion that it could have been found that there was an intention on the part of the claimant and the Courtneys that the order should operate as an assignment of the amount deposited with the treasurer, subject only to the contingency that it might be retained by the treasurer in payment of the fee due for the liquor license if granted.

The finding was warranted that the order was given as security for a present indebtedness. An order given as security for a present indebtedness operates as an assignment. *Tripp* v. *Brownell,* 12 Cush. 376. *Lannan* v. *Smith,* 7 Gray, 150. *Macomber* v. *Doane,* 2 Allen, 541. The order in question amounted to a present appropriation of the entire fund in the hands of the treasurer, subject only to the contingency that it might be retained by him in pay-

ment for the liquor license. The judge was warranted in finding that the money deposited with the city treasurer was the property of the claimant. *Providence Brewing Co.* v. *Maxwell,* 222 Mass. 123. An assignment is not the less an assignment of a present indebtedness even if it is qualified by some condition, contingency or limitation depending upon the happening of a future event. *Gibson* v. *Cooke,* 20 Pick. 15. *Parkhurst* v. *Dickerson,* 21 Pick. 307. *Bourne* v. *Cabot,* 3 Met. 305. *Tripp* v. *Brownell, ubi supra.* *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413, 422. *Holmes* v. *Evans,* 129 N. Y. 140, 145. 5 C. J. 910 and notes. The order was not an executory agreement merely to transfer the money deposited, but was a completed transaction, by which, for a valuable consideration, the title to the entire fund passed to the claimant, subject to be divested only in the event of a liquor license being granted to the Courtneys.

While the judge finds that at the time the loan was made the Courtneys were insolvent and that the claimant was aware of that fact, it also appears that at the time the loan was made they had not been adjudicated bankrupt. Before such adjudication, they were at liberty to deal with their property as they saw fit, so long as they did not give a preference to any creditor or impair the value of their estate. *Stewart* v. *Platt,* 101 U. S. 731. *Sawyer* v. *Turpin,* 91 U. S. 114. As it is found by the presiding judge that the order was given to secure a present loan, and as there is nothing to show that it was not executed and delivered to the claimant in good faith and without fraud, it was not an unlawful preference under the bankruptcy act. *Atherton* v. *Emerson,* 199 Mass. 199. *Tiffany* v. *Boatman's Institution,* 18 Wall. 375. *In re Sayed,* 26 Am. Bankr. Rep. 444. *McDonald* v. *Clearwater Shortline Railway,* 21 Am. Bankr. Rep. 182, 186.

As we are of opinion that the claimant is entitled to the fund by virtue of the order for the reasons stated, it is unnecessary to determine whether it would be entitled to recover under the assignment which the trial judge finds was not executed until some time after the loan was made. See *Bush* v. *Boutelle,* 156 Mass. 167.

It follows that the ruling requested by the plaintiff could not have been given and the entry must be

*Exceptions overruled.*