In the Matter of Supplementary Proceedings: PATRICK J. BREARTON and NATHAN ROSS, as Cotrustees of QUANDT BREWING COMPANY, INC., Judgment Creditor, in Reorganization under Section 77B of the Bankruptcy Act, Appellants, *v.* JAMES MORGAN, Judgment Debtor, Respondent.

Third Department, May 10, 1939.

*Manning & Ferber* [*John W. Manning* of counsel], for the appellants, trustees.

*Cashin & Ewig* [*Arthur B. Ewig* of counsel], for the respondent, judgment debtor.

*John J. Bennett, Jr., Attorney-General* [*Isaac I. Marks, Assistant Attorney-General,* of counsel], for the Comptroller of the State of New York.

HEFFERNAN, J. On October 14, 1937, Quandt Brewing Company, Inc., recovered a judgment against respondent in the Supreme Court, Rensselaer county, for $589.92. Thereafter a transcript of the judgment was filed in the office of the clerk of Ulster county and executions issued thereon were returned unsatisfied.

On June 10, 1938, the appellants Brearton and Ross were, by an order of the District Court of the United States for the Northern District of New York, appointed cotrustees of the Quandt Brewing Company, Inc., pursuant to the provisions of section 77B of the National Bankruptcy Act.

On August 30, 1938, the judgment debtor filed an application for a restaurant liquor license for the license year beginning October 1, 1938, and ending September 30, 1939, with the State Liquor

Authority and simultaneously deposited with that body the required fee of $400. On September 7, 1938, the State Liquor Authority, in accordance with section 125 of the Alcoholic Beverage Control Law, turned the fee over to the State Comptroller and that official placed the same in the fund derived from the proceeds of the taxes on liquor, wine and beer provided for in article 18 of the Tax Law.

Respondent never sought to withdraw his application for a license nor to obtain a return of the fee, and on October 1, 1938, a license was issued to him in compliance with his application. Since the issuance of the license he has made no attempt to surrender it or to obtain a refund. Apparently no receiver of property belonging to respondent has ever been appointed.

An applicant who applies for a license and fails to obtain it is entitled to a return of the fee. (Alcoholic Beverage Control Law, §§ 54, 64.) The statute makes no provision for a refund to an applicant who for any reason or for no reason at all might desire to withdraw his application before the issuance of a license. In the event of the appointment of a receiver or assignee for the benefit of creditors of an individual holding a license, or in case of his death, the State Liquor Authority may permit the legal representative of such person to continue the business. (Alcoholic Beverage Control Law, § 122.) Provision is also made whereby a licensee may, under certain conditions, surrender such license and obtain a refund. (Alcoholic Beverage Control Law, § 127.)

Meanwhile, and on September 17, 1938, appellants, in proceedings supplementary to judgment and in accordance with section 779 of the Civil Practice Act, caused a subpœna to be served upon the Comptroller of the State requiring his attendance for examination as a third party before the Special Term of the Supreme Court on the theory that the Comptroller had in his possession money belonging to respondent, the judgment debtor. Appellants asserted that the fee of $400 which respondent had deposited in order to secure his license was his property. In lieu of examination the Comptroller filed an affidavit of one of the employees in his office that the fee which accompanied respondent's application had been deposited to the credit of the Comptroller and that a license had been issued by the State Liquor Authority to respondent.

On October 20, 1938, appellants procured from a justice of the Supreme Court an order requiring respondent and the Comptroller to show cause, at a Special Term of the Supreme Court on October 28, 1938, why an order should not be made " directing the Comptroller of the State of New York to pay to the sheriff of the county of Albany the sum of four hundred dollars ($400.00) in the

possession of the Comptroller of the State of New York, belonging to James Morgan, the judgment debtor."

The Special Term denied the application, and from that determination the appellants have come to this court. The Special Term, as appears from its opinion, based its decision on the ground that appellants were not proper parties and were not entitled to maintain the proceedings because of their failure to obtain the consent of the District Court which appointed them to institute the same.

We think the order appealed from should be upheld for entirely different reasons. Whether appellants were required to obtain the sanction of the District Court before taking any action is beside the point. This proceeding is predicated on the erroneous theory that the Comptroller has in his possession $400 belonging to respondent which the court might direct him to pay to a sheriff named in the order where no receiver has been appointed as provided by section 796 of the Civil Practice Act. There is a material distinction between the proceeding for the payment of a debt and one for the delivery of property. (Civ. Prac. Act, §§ 794, 796.) The fallacy of appellants' contention is at once apparent. The fee which respondent deposited in connection with his application for a license immediately became the property of the State. Title thereto was no longer in respondent. The relationship of respondent and the State was analogous to that of debtor and creditor. That status was terminated and the State's obligation to respondent discharged with the issuance of the license on October 1, 1938, to him. Consequently, when appellants obtained the order to show cause on October 20, 1938, by which this proceeding was instituted, the State had no money belonging to respondent nor was it indebted to him. An indebtedness on the part of the State to respondent would only have occurred in the event of a refusal of a license. As we have shown, acceptance and not rejection resulted from that application.

If appellants' contentions were to prevail then we would have the anomalous situation of the judgment debtor in possession of a liquor license and his creditors enriched by a return of the fee which he paid therefor.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., McNAMEE and CRAPSER, JJ., concur; BLISS, J., concurs upon the additional ground that the trustees did not obtain proper permission to prosecute this proceeding.

Order affirmed, with costs.