ABRAHAM J. MULTER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 26184.)

Court of Claims, April 20, 1942.

*Abraham J. Multer,* in person.

*John J. Bennett, Jr., Attorney-General* [*Martin P. O'Leary* and *Gerald J. Carey, Assistant Attorneys-General,* of counsel], for the defendant.

BARRETT, P. J.   Claimant, on February 19, 1941, loaned to the Kuo Hing Restaurants, Inc., $1,200 for the payment of a liquor license  to be used in connection with the restaurant business of the corporation at 174 West Seventy-second street, New York city, for the year beginning March 1, 1941.   In what is called the closing statement relating to the loan, which statement was dated February 19, 1941, and signed February 20, 1941, the corporation agreed as follows: " In the event the liquor license is not granted or at any time after being granted is surrendered and upon ceasing to do business, the undersigned authorizes Abraham J. Multer to surrender same.   The said moneys so paid to the State Liquor Authority or any refund due thereon shall be returned to said Abraham J. Multer or his assigns and applied to the last payments due under said mortgage; the surplus, if any, to be paid to the undersigned or its assigns."   By written instrument dated March 1, 1941, the corporation assigned to claimant any refund of money which might thereafter become payable from the license fee.   Claimant's certified check, payable to the Liquor Authority, was delivered to the Authority on February 28, 1941, and on the same day the license was issued to the corporation.   On March 4, 1941, the license was delivered to claimant for the purpose of surrendering it for cancellation.   On March 5, 1941, claimant mailed to the Comptroller a copy of the assignment and it was received on the following day. On March 6, 1941, claimant surrendered the license and received a receipt reciting that the refund value thereof was $1,085.   On or about April 14, 1941, the Liquor Authority directed the Comptroller to refund this sum, and on June 9, 1941, the Comptroller refunded to claimant the sum of $255.06 and advised him that the balance of the refund in the sum of $829.94 was being retained for unemployment insurance contributions owing by the Kuo Hing Restaurants, Inc., for the period of time extending from January 1, 1940, to February 28, 1941.   The amount of the contributions was audited on April 23, 1941, and the sum so retained was paid into the unemployment insurance fund.   The corporation made an assignment for the benefit of creditors and on March 29, 1941, in a proceeding instituted against claimant by the assignee for the benefit of creditors, Mr. Justice AARON J. LEVY, of the Supreme Court, decided that claimant was entitled to the refund as against the assignee.

These facts are undisputed.   In this claim it is sought to recover from the State the said sum of $829.94 so retained for the unemployment insurance contributions owing by the Kuo Hing Restaurants, Inc.

The State, at the opening of the trial, made a motion to dismiss the claim upon the ground that the remedy, if any, was by a proceeding under article 78 of the Civil Practice Act. That motion is denied. Claimant's remedy, if any, is against the State and only this court has jurisdiction of the claim. (*Adler, Inc.*, v. *Noyes*, 285 N. Y. 34.) When the license was issued on February 28, 1941, the corporation was indebted to the State unemployment insurance fund for said contributions and this indebtedness existed although the amount thereof had not been computed. (*Engelhardt* v. *Alvino Realty Co.*, 248 N. Y. 374; *Carey* v. *Kieth, Inc.*, 250 id. 216.) At that time the State had a right of setoff against any refund which might become due to the corporation. (*Siegel* v. *State of New York*, 262 App. Div. 388.) The question thus arises as to whether and in what respect this right of setoff is affected by the agreement and assignment of the refund to claimant.

The loan made by claimant to the corporation was not violative of the Alcoholic Beverage Control Law. (*Central Trust Co.* v. *Mann's Restaurants, Inc.*, 166 Misc. 381; affd., 254 App. Div. 823.) The agreement that any future refund of money be paid to claimant and applied by him on the loan and the assignment of any such refund to claimant, clearly referred to a refund of money which was not then actually in existence. The agreement and assignment, therefore, at most, created an equitable lien on any such refund in favor of claimant, not cognizable in law, enforcible only in equity as between the parties and void as against creditors. (*Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203; *Anchor Brewing Co.* v. *Burns*, 32 App. Div. 272; *Alchar Realty Corp.* v. *Meredith Restaurant, Inc.*, 256 id. 853; *Atlas Advertising Agency, Inc.*, v. *Casa Cubana, Inc.*, 259 id. 951; *Rochester Distilling Co.* v. *Rasey*, 142 N. Y. 570; *People ex rel. Spang* v. *Carey*, 167 App. Div. 949; affd., 217 N. Y. 627.)

In view of the stated facts and the authorities cited, the motion made at the conclusion of claimant's case by the State, for a dismissal of the claim upon the ground that claimant has failed to prove a cause of action against the State, must be granted. Order may be submitted accordingly.