MOLLIE YERESHEFSKY et al., Claimants, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 26246.)

Court of Claims, March 3, 1943.

*Samuel M. Reiss* and *Aaron Reiss* for claimants.

*John J. Bennett, Jr., Attorney-General (Martin P. O'Leary* of counsel), for defendant.

BARRETT, P. J. On January 22, 1941, the Hurricane Restaurant, Inc., filed a petition for an arrangement pursuant to section 322 of the Bankruptcy Act (U. S. Code, tit. 11, § 722) in the United States District Court for the Southern District of New York, and by order of that court the corporation became a debtor in possession and was authorized to continue its business. The corporation operated a restaurant and cabaret and was licensed to sell alcoholic beverages for consumption on the premises, which license, by its terms, expired on February 28, 1941. To renew the license, payment of the sum of $1,200 was required.

The corporation filed a petition with the United States District Court for the Southern District of New York, dated February 24, 1941, reciting in substance that the Nalip Realty Corporation, the landlord of Hurricane Restaurant, Inc., had theretofore entered into a lease with claimants as concessionaires of the coatroom privileges in the premises occupied by the restaurant corporation, and that claimants offered to advance on behalf of the corporation the sum of $1,200, to be applied toward the renewal of the license, upon condition that the court should grant an order providing that, in the event of a refusal or rejection of the application for the renewal of the license, said sum would be refunded to and deemed the property of the claimants. On February 24, 1941, in the United States District Court, an order was made by the Referee in Bankruptcy before whom the arrangement proceedings were pending, providing in part as follows: "ORDERED that in the event of a failure or refusal by the Liquor Authority of the State of New York to issue a renewal license to the debtor herein for the succeeding annual period commencing with March 1, 1941, then the sum of $1,200. license fee which accompanies such renewal application shall be refunded to Mollie Yereshefsky and Meyer Quain who are advancing the same for the specific purpose of being applied towards such renewal license fee." The restaurant corporation filed with the New York State Liquor Authority an application dated February 24, 1941, for the renewal of its license, and a certified check dated the same day, drawn by claimant Yereshefsky and payable to the State Liquor Authority in the said sum of $1,200, accompanied the application. On March 27, 1941, the Liquor Authority revoked as of

February 28, 1941, the license of the corporation, which expired on said date, and at the same time, March 27, 1941, the application for renewal of the license was disapproved on account of the revocation of the existing license. The court ordered the restaurant corporation to be liquidated and appointed a trustee in bankruptcy and, pursuant to an order of the Referee in Bankruptcy dated July 29, 1941, the trustee executed and delivered to claimants a general assignment dated August 2, 1941, of his right, title and interest in and to said sum.

The restaurant corporation owed the State the sum of $6,119.47 for unemployment insurance contributions for the period commencing April 17, 1940, and ending December 31, 1940, the sum of $548.42 for such contributions for the period from January 1, 1941, to January 22, 1941, and the further sum of $1,172.92 for such contributions for the period commencing January 22, 1941, and ending March 15, 1941. On November 7, 1941, the Comptroller, instead of returning the money to claimants, paid it to the State Division of Placement and Unemployment Insurance. These facts are not disputed and the sole question is whether the State had the right to set off the amounts due it, for such contributions, against said sum of $1,200.

One who applies for such a license and fails to obtain it is entitled to a return of the fee. (Alcoholic Beverage Control Law, § 54, subds. 2, 3, § 64, subd. 3, § 109; *Brearton* v. *Morgan,* 257 App. Div. 34.) Claimants were operating the coatroom concession on the premises of the restaurant corporation. They therefore had an interest in keeping the corporation in business. A liquor license was necessary. Claimants offered to advance the required fee, provided that it was ordered that said sum should be returned to claimants if the application for the license should be denied. The court so ordered and, in reliance thereon, the check for said sum was drawn, certified, delivered, and attached to the renewal application. The restaurant corporation was, at the time, in the process of reorganization. It was financially embarrassed and its credit was unsound. Since claimants had the coatroom concession, it was to their interest to aid the corporation in remaining in business. For this purpose the money was advanced by claimants, and its use authorized only in the event that the renewal application was granted. Otherwise, it was to be returned to claimants. It is clear from these facts that the money was not loaned and that title thereto was not transferred to the debtor in possession. The State denied the application for the license and claimants' purpose in

advancing the money was thereby defeated. Debts owing to the State by the corporation may not be paid with the funds of claimants. Two Massachusetts cases are peculiarly applicable to the facts here developed.

In *Providence Brewing Co.* v. *Maxwell* (222 Mass. 123), Maxwell applied to the Board of Selectmen of the Town of Clinton for a liquor license. The rule of the Board required that a certified check, payable to the Treasurer of the town in the sum of $1,000, should accompany all applications. Maxwell's wife borrowed the sum of $1,000 from a savings bank and deposited it in the First National Bank of Clinton, in her own name. She requested the Vice-President of the First National Bank to give her a certified check for the amount of the deposit. He gave her a check for $1,000, drawn by him on the First National Bank and payable to the order of the Treasurer of the town. At her husband's request, she secured an application for the liquor license from his attorney and sent the application and the check to the Board of Selectmen. The Board denied the application. The parties agreed that Mrs. Maxwell did not loan the said sum to her husband. The court held that the check was originally the property of Mrs. Maxwell and continued to be hers, since it was delivered to be used in payment for a liquor license, but in case the license was not granted it was to be returned to her.

In *O'Connell* v. *Worcester* (225 Mass. 159), the Courtneys, copartners, on March 27, 1914, applied to defendant for a liquor license and deposited with it a check in the sum of $1,000 payable to the order of the City Treasurer and signed by claimant. They borrowed the money from the claimant. The City Treasurer executed a receipt acknowledging the receipt of the $1,000, to apply on the 1914 liquor license, if granted. An order executed by the Courtneys accompanied the said check and stated in substance that the City Treasurer should pay the said sum of $1,000 to the claimant, if the license were denied. The trustee in bankruptcy of the Courtneys sought to recover this sum. The court held that the claimant was entitled to the return of his money, upon the ground that the claimant and the Courtneys intended that the above-mentioned order should operate as an assignment of the amount deposited with the Treasurer subject only to the contingency that it might be retained by the Treasurer in payment of the fee due for the liquor license, if granted. The court further held that the order was given as security for present indebtedness, and as such operated as an assignment, and that the money deposited with the City Treasurer was the property of claimant.

It would be unjust to allow the State's set-off because the money was not loaned. It belonged to claimants, and was advanced by them for a specific purpose and in reliance upon an order of the court that it would be returned if that purpose failed. The State was not prejudiced by claimants' advancement of the fee since it extended no credit in reliance upon the payment thereof. *Multer* v. *State of New York* (178 Misc. 360) and *Siegel* v. *State of New York* (175 Misc. 515, affd. 262 App. Div. 388) are distinguishable. In those cases the licenses had been issued. Upon their surrender the State was obligated to refund for the unexpired periods of the licenses. The obligation to refund constitutes a debt owing by the State to the licensee. Here, no license was issued and the State was under the obligation to return the fee which accompanied the application. The State had furnished no consideration for the said sum and, therefore, a debtor-creditor relationship did not exist. In the *Multer* case the money advanced was held to be a loan. An award is made in accordance with the accompanying decision.