In the Matter of Louis Strand et al., Doing Business as Commercial Assistance Company, Judgment Creditors, Respondents, against Harry Piser, Judgment Debtor.

F. & M. Schaefer Brewing Company, Judgment Creditor, Appellant. Capitol Wine & Spirit Corporation et al., Judgment Creditors, Respondents.

Argued October 6, 1943; decided November 24, 1943.

*David Frank* for appellant. The refund of a license, permitting the sale of alcoholic beverages, becomes due immediately upon the surrender of the license for cancelation to the State Liquor authority. (Alcoholic Beverage Control Law, § 127; *Bailis Bros. Corp.* v. *Fitzgerald,* 157 Misc. 216; *Heilman* v. *St. Cloud Restaurant, Inc.,* 164 Misc. 15; *Matter of Alchar Realty Corp.* v. *Meredith Restaurant, Inc.,* 256 App. Div. 853; *Matter of Esbeco Distilling Corp.* v. *Block,* 258 App. Div. 757; *Matter of Hunter Printing Co.* v. *Ace Restaurant, Inc.,* 258 App. Div. 1020; *Williams* v. *Ace Restaurant, Segerman Nixon* v. *Ace Restaurant,* N. Y. L. J. June 28, 1939. *Montrose Industrial Bank* v. *Brennan,* N. Y. L. J. November 29, 1939; *Palmer* v. *Tremaine,* 259 App. Div. 951; *Matter of Atlas Advertising Agency, Inc.,* v. *Casa*

*Cubana, Inc.*, 259 App. Div. 951; *Capitol Distributors Corp.* v. *Kent's Restaurant, Inc.*, 20 N. Y. S. 2d 436.)

No appearance for respondents.

LEWIS, J. In a proceeding supplementary to judgment we are to determine when, under section 127 of the Alcoholic Beverage Control Law, a judgment debtor's right to a refund from the State Comptroller comes into existence. Upon this determination depends the priority to which the single appellant, a judgment creditor, is entitled among five judgment creditors who have made claim to such a refund.

On March 1, 1941, there was issued to the judgment debtor by the State Liquor Authority a retail liquor license. Although the term of the license was for one year it was surrendered by the judgment debtor for cancellation and refund on April 30, 1941. On that date a receipt executed by the State Liquor Authority was delivered to him showing that there was due thereon a refund of $985. The judgment debtor returned the receipt to the State Liquor Authority on October 28, 1941, accompanied by a verified statement that no actions or proceedings were pending against him which might affect his rights to the refund. Thereafter, on November 18, 1941, the State Liquor Authority certified to the Comptroller the amount due the judgment debtor as such refund. Each of the five judgment creditors who are parties to the present proceeding served upon the State Comptroller a subpoena requiring his appearance for examination as a third party. The first three of such third-party subpoenas, including one by the appellant, were served within thirty days after April 30, 1941,— the date when the judgment debtor surrendered his license for cancellation. The remaining two of the five judgment creditors served similar subpoenas upon the Comptroller after November 18, 1941, on which date the State Liquor Authority certified to the Comptroller the amount due as a refund to the judgment debtor.

Following an examination of the Comptroller as a third party four of the five judgment creditors who had served third-party subpoenas moved at Special Term for orders directing the Comptroller to pay to them respectively the sums to which they were entitled. Each claimed priority. Thereupon Special Term directed by its order that the refund held by the Comptroller to

the credit of the judgment debtor be paid to those two judgment creditors which served third-party subpoenas upon the Comptroller after November 18, 1941 — the date of delivery to that official of the judgment debtor's license cancellation receipt bearing the certificate of approval of the State Liquor Authority. The order at Special Term was based upon the rule in *Palmer* v. *Tremaine* (259 App. Div. 951) that: "Until the receipt provided by section 127 of the Alcoholic Beverage Control Law is issued to the surrendering licensee and delivered to the Comptroller, no indebtedness exists from the Comptroller to the licensee and there is no existing fund susceptible of attachment or assignment." Upon appeal to the Appellate Division by the judgment creditor, The F. & M. Schaefer Brewing Co., the order of Special Term was affirmed unanimously. The case is here by our leave upon appeal by the same judgment creditor.

A proceeding supplementary to judgment may be instituted within two years from the date of judgment by a subpoena issued by the judgment creditor's attorney and served upon a third party " * * * where such attorney has reason to believe that such third party has property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a like sum, requiring the attendance of such third party for examination concerning such property, money or indebtedness." (Civ. Prac. Act, § 774, subd. 2; § 779, subd. 2.) In the present case section 779 subdivision 2 gave statutory sanction for the issuance in behalf of the appellant creditor and the service upon the Comptroller of a third-party subpoena provided there was reason to believe that on May 26, 1941 — the date of such service — the Comptroller had in his custody " property of the judgment debtor * * * or [was] indebted to him ". In that event the statute authorized an examination of the Comptroller as a third party, " concerning such property, money or indebtedness ".

" ' Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise * * *.' (*Byxbie* v. *Wood*, 24 N. Y. 607, 610.)." (*Cohen* v. *City Company of New York*, 283 N. Y. 112, 115). In addition to this principle of common law we look to the statute — the Alcoholic Beverage Control Law,

section 127 — which authorizes the refund in question and indicates, we think, within the language of Civil Practice Act, section 779, subdivision 2, that such refund while in the custody of the Comptroller became "property of the judgment debtor", or that the Comptroller was "indebted to him", from April 30, 1941, the date when the judgment debtor surrendered his license for cancellation and received from the State Liquor Authority a receipt therefor. After authorizing such a refund section 127 of the Alcoholic Beverage Control Law provides that upon surrender of the license — "The liquor authority shall thereupon compute the amount of refund *then due* on said license for the unexpired term thereof, and shall execute a receipt therefor showing the name of the person to whom such license was issued * * * and the date when surrendered for cancellation, together with the amount of refund *due thereon at such date* as computed by it, and the name of the person entitled to receive the refund." If within thirty days from the date of surrender the applicant is arrested and convicted of any of the legal infractions there designated, section 127 provides that "any refund *due thereon* shall be forfeited, * * *." In the event the applicant is acquitted, or if within that period of thirty days no action or proceeding is instituted against him "then the liquor authority shall prepare an order for the payment of such refund, directed to the comptroller, to be paid him, on his audit, upon the surrender of the receipt theretofore given such person; * * *." The concluding sentence of section 127 provides: "Any refunds *due on the surrender and cancellation of licenses pursuant to this section* shall be paid by the comptroller from moneys in his custody, derived from license fees received pursuant to this chapter." (Italics supplied.)

We read in the excerpts from section 127, quoted above, an intention by the Legislature to declare a refund "due" on the date when the license is surrendered for cancellation. Accordingly in the present case the refund became due on April 30, 1941, and created on that date in favor of the judgment debtor an obligation whereby the Comptroller, a third party, became "indebted" to the judgment debtor within the language of section 779, subdivision 2, of the Civil Practice Act. Although section 127 of the Alcoholic Beverage Control Law directs that

payment of the refund be deferred for a period of thirty days, an obligation impressed upon the Comptroller by the statute remained and was sufficient to make the third party subpœna, served upon the Comptroller on May 26, 1941, legally effective as a basis for determining the priority of the right asserted by the appellant creditor to the refund.

The orders, insofar as they deny priority to the claim of the appellant creditor, should be reversed without costs, and the proceeding remitted to the Special Term for further proceedings not inconsistent with this opinion.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.