In the Matter of NICHOLAS MARIANO et al., Doing Business as DE LEONARDIS FISH CO., Judgment Creditors, against CATHAY HOUSE CHINESE RESTAURANT, INC., Judgment Debtor.

Supreme Court, Special Term, Albany County, March 14, 1951.

*Aaron A. Linkin* for judgment creditors.

*Robert J. Finan* for Manufacturers Trust Company.

TAYLOR, J. In a proceeding supplementary to execution, judgment creditors seek an order requiring the Comptroller of the State of New York to turn over to them funds in his hands toward the partial satisfaction of a judgment pursuant to section 794 of the Civil Practice Act.

It appears that the judgment debtor had surrendered its restaurant liquor license on June 12, 1950, and thereby became entitled to a refund thereon. The judgment was docketed on June 20, 1950, and on June 21, 1950, a third-party subpœna containing appropriate injunctive provisions was served on the State Comptroller. On August 17, 1950, the Collector of Internal Revenue served on the Comptroller a notice of levy and warrant of distraint. On September 15, 1950, a subpœna in supplementary proceedings under a judgment in favor of the Manufacturers Trust Company against the judgment debtor was served on the Comptroller. There is also on file in his office an assignment by the judgment debtor to the Manufacturers Trust Company of the funds which bore date February 3, 1950, and was filed with the Comptroller on June 8, 1950.

The rights of the judgment creditors, who have moved herein, to the fund which was created by the surrender of the license based on the service of their third-party subpœna on June 21, 1950, are superior to those of the Collector of Internal Revenue under his notice of levy and warrant of distraint and the Manufacturers Trust Company under its assignment and third-party subpœna. (*Palmer* v. *Tremaine,* 259 App. Div. 951; *Matter of Wickwire Spencer Steel Co.* v. *Kemkit Scientific Corp.,* 292 N. Y. 139; *Matter of Strand* v. *Piser,* 291 N. Y. 236; *Brenner* v. *Patrician Restaurant,* 92 N. Y. S. 2d 246; *Matter of Alchar*

*Realty Corp.* v. *Meredith Restaurant,* 256 App. Div. 853; *Matter of Schaefer Brewing Co.* v. *Amsterdam Tavern,* 171 Misc. 352.)

There is no dispute as to the facts here. Hence, no plenary action is necessary for the proper determination of title to the fund.

The motion is granted. Submit order.