In the Matter of Capitol Distributors Corp., Judgment Creditor, against 2131 Eighth Avenue, Inc., Judgment Debtor.

County Court, Albany County, May 5, 1954.

*Harvey M. Lifset* for judgment creditor.

*Martin L. Stein* and *Charles J. Colgan* for Manufacturers Trust Company.

SCHENCK, J. This is a motion by the judgment creditor (hereinafter called Capitol) for an order under section 794 of the Civil Practice Act, permitting the Comptroller of the State of New York to pay to Capitol the sum of $545.08 held by the Comptroller as due to the judgment debtor (hereinafter called Eighth Avenue). The Manufacturers Trust Company (hereinafter called Manufacturers) has made a cross motion for an order permitting the Comptroller to pay the aforesaid sum to it.

The facts can be somewhat condensed as follows: On January 23, 1953, Eighth Avenue applied to Manufacturers for a loan of $1,200 to be deposited as prepayment for the fee for a liquor license, application for which was being made by Eighth Avenue. On January 28, 1953, Manufacturers delivered to Eighth Avenue its check for $1,200, payable to the State Liquor Authority. At that time Eighth Avenue delivered to Manufacturers a promissory note and also assigned to Manufacturers its right to a return of the deposit if the liquor license were not granted. It is upon the basis of this assignment that Manufacturers relies in this proceeding. The State Liquor Authority rejected the license application and on May 25, 1953, forwarded to the Comptroller what is known as a " refund order " in the amount of $1,185. This sum represents the $1,200 fee less an authorized deduction of $15 under section 64 of the Alcoholic Beverage Control Law. Subsequently and apparently on or about July 7, 1953, Capitol served a subpœna upon the Comptroller in proceedings supplementary to judgment obtained by Capitol against Eighth Avenue. In the meantime, the Comptroller, from the aforesaid balance of $1,185, had paid $139.92 to the State Unemployment Insurance Fund for contributions due from Eighth Avenue, and $500 to the State Liquor Authority upon a bond defaulted by Eighth Avenue. The subject of the controversy between the parties to this proceeding, therefore,

is the net balance of $545.08 admittedly held by the Comptroller, free of State claims. For practical purposes, this amount may be treated as the fund deposited with the liquor license application and ordered returned upon the denial of that application.

This present question, involving as it does the refund of a prepayment on an application which was never granted, does not appear to have previously been passed upon by the courts of this State. The issue, however, appears to be well settled that a prorata refund upon the surrender of an existing liquor license is subject to the claim of a judgment creditor of the licensee as against an assignee of the fund in question who provided the money for the license fee and took back an assignment of refund rights. This is based upon the theory that an assignment of the right to a refund of money consisting of a fund not in existence at the time of the execution of the assignment is in effect an " equitable assignment " and subject to the rights of subsequent third parties perfecting legal liens or attachments against the fund after it came into existence. (*Palmer* v. *Tremaine,* 259 App. Div. 951; *Atlas Adv. Agency* v. *Casa Cubana* 259 App. Div. 951; *Schaefer Brewing Co.* v. *Amsterdam Tavern,* 171 Misc. 352.)

Manufacturers argues that the foregoing principle of law and the foregoing decisions should not apply to cases where the license was never issued and accordingly where the State never actually exercised control of the fund. In this connection, Manufacturers cites the case of *Yereshefsky* v. *State of New York,* 180 Misc. 191). There is in my opinion, however, a vital factual distinction between the circumstances in the *Yereshefsky* case and those at hand. In that case, the license application was accompanied by an advance by persons having the cloakroom concessions in the debtor's restaurant and was pursuant to an order of the referee in bankruptcy of the United States District Court which provided that the license fee would be refunded to the cloakroom concessionaires in the event that the license was not issued. The facts at hand do not fit the basis for the decision in the *Yereshefsky* case which Manufacturers contends is applicable here, although there is certain " dicta " in that opinion that supports Manufacturers' argument.

I can see no logical basis for distinguishing the claim of the assignee here from the claims of assignees in cases involving refunds after licenses were issued and surrendered. The prepayment upon an application for a license does not create a

fund to which the applicant is entitled until the application is denied. An assignee of such an unsuccessful applicant is in no better position than the assignee of a person to whom a license was issued but who subsequently surrendered such license, thus entitling him to a refund. The arguments and authorities that support one situation are just as cogent as those which support the other. These proceedings, therefore, must be deemed to fall within the authority of *Palmer* v. *Tremaine* (259 App. Div. 951, *supra*) and the line of cases in point therewith. The two cases to the contrary cited in Appendix A of Manufacturers' brief (*Williams & Co.* v. *Ace Restaurant*, N. Y. L. J., June 28, 1939, p. 2984, col. 2; *Montrose Ind. Bank* v. *Brennan*, N. Y. L. J., Nov. 29, 1939, p. 1865, col. 1) were both Supreme Court Special Term opinions. Both have been in effect overruled by the Appellate Division, Third Department (*Palmer* v. *Tremaine, supra; Atlas* v. *Casa Cubana, supra*). The motion of the judgment creditor, Capitol, is, therefore, granted and the motion of Manufacturers is in all respects denied. An order directing the Comptroller of the State of New York to pay to Capitol the sum of $545.08 out of the funds held by him to the credit of the judgment debtor herein may be entered. No costs.