Desmond, J.
On January 29,1953 appellant bank made a loan to Bedford Bar & G-rill, Inc., and took as security an assignment from Bedford of any refund that might become due to the latter should the liquor store license for which the latter was applying not be granted by the State, or if after grant that license should be surrendered or cancelled. The license was granted. In June, *432 1953 the bank called Bedford’s note because of defaults in payment. A few days later the bank filed its assignment with the State Comptroller. A few days after that Bedford surrendered its license for cancellation by the State Liquor Authority. Then, about a month later appellant city docketed against Bedford (with the effect of docketing a judgment) a warrant for taxes due the city from Bedford. In September, 1953 the city served on the State Comptroller a third-party subpoena in supplementary proceedings (Civ. Prac. Act, § 779, subd. 2) which service created for the city a judgment creditor’s lien on Bed-ford’s property in the Comptroller’s hands resulting from Bed-ford’s surrender of its license (see Matter of Strand v. Piser, 291 N. Y. 236). The question here is as to priority of lien between appellant and respondent.
On such a question of priority between creditors, we should follow the only previous decisions in this State precisely in point. Those decisions including this present case are nine in number (Alchar Realty Corp. v. Meredith Restaurant, 256 App. Div. 853; Palmer v. Tremaine, 259 App. Div. 951; Atlas Adv. Agency v. Casa Cubana, 259 App. Div. 951; Matter of Frank v. Lutton, 267 App. Div. 703, 707; Matter of Guarino, 285 App. Div. 1161; Schaefer Brewing Co. v. Amsterdam Tavern, 171 Misc. 352; Matter of O’Neill Co. v. Ward, 4 Misc 2d 470; Matter of Mariano v. Cathay House Restaurant, 199 Misc. 410) and were rendered over a period of 16 years. Every one of them holds that an assignment of moneys due from a liquor license cancellation refund, executed before the fund came into existence, is subordinate to the lien of a judgment creditor who has served a third-party subpoena upon the State Comptroller after the surrender of the license. Especially as to such law merchant questions, adherence to the precedents on which businessmen and their lawyers rely is most desirable. Such adherence becomes imperative here when two more reasons for affirmance appear: first, that those decisions are in harmony with general rules, and, second, that several efforts to overrule those decisions by legislation have been unsuccessful.
The undoubted g-eneral rule (Zartman v. First Nat. Bank of Waterloo, 189 N. Y. 267; Titusville Iron Co. v. City of New York, 207 N. Y. 203) is that as between a judgment creditor’s lien and the equitable lien of an assignee of property subsequently to be acquired, the latter, while his rights will be enforced in equity *433 as against Ms assignor, has no right at all as against the former. The same rule was applied in Matter of Gruner (295 N. Y. 510) where it was carefully stated that an assignee of the prospective proceeds of the possible sale of a Stock Exchange seat had inchoate rights only until the net proceeds of an actual sale were actually at hand and available (pp. 518, 519), and the Gruner case in its final denouement is direct authority for affirmance here. On the Gruner appeal we held that New York State’s income tax lien was subordinate to the equitable lien of the bank assignee but only because the State had never taken any steps at all to enforce its right (supra, pp. 523-525). But later, in response to a motion for reargument, we remanded the Gruner case to the Surrogate’s Court to take proof as to what the State had in fact done by way of enforcement effort. In the Surrogate’s Court it appeared that the State had filed its claim with the administratrix of the estate before the fund had been collected in by the estate. The Surrogate held, therefore, that the State had priority over the bank assignee (Matter of Gruner, 4 Misc 2d 471). The situations of the State in the Gruner case and of the city in the present case were therefore identical in law, each being equipped with the equivalent of a judgment creditor’s lien. Gruner holds that such a judgment lienor has priority over an equitable assignee like the appellant bank here.
This same appellant bank was, in Matter of Capitol Distrs. Corp. v. 2131 Eighth Ave. (1 N Y 2d 842), given priority over a judgment creditor but the reason for its priority there shows why it should be denied priority in the fundamentally different situation in the present case. In the Capitol Distributors case the assignment was not one of a fund to come into existence in the future, but was of a present interest and for a present consideration; it was not, as here, a refund of a partly used-up license fee but a return to an unsuccessful license applicant of the deposit wMch he had made as against the issuance of a license applied for but never issued (see Alcoholic Beverage Control Law, § 54, subd. 2; § 63). Since this bank had in the Capitol Distributors case a legal assignment of an existing fund owned by its assignor, it got its priority over later creditors even when the latter were armed with judgment liens. But here appellant had only an inchoate or equitable claim on a yet to be created fund (see Matter of Strand v. Piser, 291 N. Y. 236, supra) and so it must yield priority to judgment lienors. *434 Finally, as a ground for affirmance we have the legislative history above mentioned. In 1953, 1954 and 1955, bills were introduced into the Legislature to give to bank assignees like appellant here priority over judgment creditors. The 1953 bill passed in one house only. The 1954 and 1955 bills passed both houses but each was vetoed by the Governor. Beyond all question those bills were intended to change the existing law as found by the courts in a series of cases. At the very least, their history shows that all concerned thought the law to be as the courts below have held in the present case (see Holmes Elec. Protective Co. v. City of New York, 304 N. Y. 202, 206, 207). When the bills failed, of passage and signature, the law remained unchanged.
The order should be affirmed, with costs.