**UNITED STATES of America,
Plaintiff,**

v.

**RALEIGH RESTAURANT and the State
of New York, Defendants.**

**No. 71 C 26.**

United States District Court,
E. D. New York.

Aug. 19, 1975.

David G. Trager, U.S. Atty., Eastern District of New York by Prosper Parkerton, Asst. U.S. Atty., Brooklyn, N.Y., William Morrow, Jr., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Louis Lefkowitz, Atty. Gen., State of New York, New York City, for the State of New York; Anthony Wannick, New York City, of counsel.

No appearance for defendant Raleigh Restaurant.

## MEMORANDUM AND ORDER

BRAMWELL, District Judge.

This is a motion for summary judgment on the part of plaintiff, UNITED STATES OF AMERICA. Defendant, State of NEW YORK, has filed a cross-motion for summary judgment dismissing the complaint.

The facts are uncontested. In March, 1968, defendant Raleigh Restaurant, Inc., which has never appeared in this action, was issued a liquor license by the State of New York. On September 10, 1968, Raleigh surrendered the license to the State Liquor Authority; pursuant to Section 127 of the New York Alcoholic Beverage Control Law, Raleigh requested a refund of $595.00. In October, 1968, the State Liquor Authority approved the refund. The State Comptroller was notified of the refund and in December, 1968, he used the entire $595.00 to partially offset a claim of the State against Raleigh for admittedly unpaid contributions to the Unemployment Insurance Fund.

Prior to the approval of the liquor license refund owing to Raleigh, the New York State Comptroller was served with a notice of levy issued on September 17, 1968 by the United States Internal Revenue Service, specifying that any properties of Raleigh held by the State of New York were to be turned over to the United States in order to partially satisfy outstanding federal tax liabilities.

After the State advised plaintiff that the liquor license refund had been used

to offset State claims, the United States, in 1971, instituted the present action, seeking: first, to reduce to judgment the federal tax assessments made against defendant Raleigh, in the amount of $8,668.62 plus interest; and second, to foreclose the tax lien against the $595.00 refund owing to Raleigh which is in the possession of the State of New York.

■ Since defendant Raleigh has failed to appear, plaintiff requests that default judgment be entered pursuant to Rule 55(b)(2), Fed.R.Civ.P. On February 20, 1975, the default of defendant Raleigh was duly entered by the Clerk of the Eastern District United States Court, as provided by Rule 55(a). Default judgment is hereby granted to plaintiff for the amount owing to the United States. The attorney for the plaintiff is directed to submit an order and supporting affidavit within 20 days, evidencing a final accounting of the amount due, including interest as of the date of this order, for the approval of this court. Such amount, when approved, shall constitute the total indebtedness due from defendant Raleigh for federal tax liabilities. Costs shall not be taxed against defendant Raleigh.

With respect to the action against defendant, State of New York, both parties have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Neither party disputes the facts outlined above. The issue of law before this court involves the question of the priority of liens which attach to the taxpayer's property. The plaintiff's argument is that, by statute,[1] the tax lien which was created against defendant-taxpayer Raleigh's property and which was served on the

State Comptroller, takes priority over any claim against the taxpayer by the defendant, State of New York, and that, therefore, the liquor license refund should have been turned over to the United States.

The defendant argues that the federal tax lien is subordinate to the right of the State to offset its own tax claim of $2,144.65 by appropriating Raleigh's refund account for that purpose. It claims that since Raleigh owed taxes greater than the amount of its liquor license refund, the State Comptroller was under a duty to offset the claim before certifying the balance due to the liquor licensee. Accordingly, claims defendant, there was no balance due to Raleigh and, therefore, no property belonging to Raleigh in the custody of New York to which plaintiff's tax lien would attach.

In *Aquilino v. United States*, 363 U.S. 509, 512, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960), it was held that State law determines whether and to what extent a taxpayer has property interests to which a lien might attach. *See also City of New York v. United States*, 283 F.2d 829, 831 (2d Cir. 1960). In *Strand v. Piser*, 291 N.Y. 236; 52 N.E. 2d 111, (1943), the New York Court of Appeals held that a liquor license refund becomes the property of the licensee on the date that the license is surrendered for cancellation. In that case, however, there were no taxes due to the State which invoked any right of offset.

■ Assuming that, under the *Strand* determination, taxpayer Raleigh did, in fact, obtain an interest in its refund account on the date it surrendered its license, the amount of that refund, or the

---

1. 31 U.S.C. § 191 establishes the priority of debts due to the United States. It provides:

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

extent of taxpayer's interest in that property, was still subject to the laws of the State. *Aquilino v. United States, supra.*

■ The New York Alcoholic Beverage Control Law § 127 (McKinney 1970) provides that upon surrendering a liquor license for refund  . . .

the liquor authority shall prepare an order for the payment of such refund, directed to the comptroller, to be paid him, on his audit, upon the surrender of the receipt theretofore given such person; provided, however, that *if any taxes or penalties imposed by article eighteen of the tax law are unpaid by such person, the amount of such taxes and penalties shall be deducted from the amount of such refund.* Any refunds due on the surrender and cancellation of licenses pursuant to the section shall be paid by the comptroller from moneys in his custody, derived from license fees received pursuant to this chapter.

.    .    .    .    .    .

(emphasis added)

Although the taxes under Article 18 relate to taxes on alcoholic beverages, the right of offset under § 127 has been construed by the New York courts to include any taxes and penalties due to the State. *Chemical Bank New York Trust Co. v. State,* 27 App. Div. 2d 427, 279 N.Y.S. 2d 813 (3d Dep't 1967); *Multer v. State,* 178 Misc. 360, 34 N.Y.S. 2d 275 (Ct. of Claims 1942); *Siegel v. State,* 262 App. Div. 388, 28 N.Y.S. 2d 958 (3d Dept. 1941).

■ Since Raleigh owed a greater amount in taxes than the amount of its refund, its refund account became, under state law, a barren fund. Therefore, there was no property of Raleigh in the hands of defendant New York to which plaintiff's lien attached.

The plaintiff has cited *United States v. Paddy Jordan's Restaurant, Inc.,* 33 AFTR 2d 74–1210, 74 U.S.T.C. 83811 (S.D.N.Y.1974), a case in which the right of offset was denied. That case, however, involved a deposit which accompanied an application for a liquor license denied by the state; § 127 of the Alcoholic Beverages Control Law did not apply, as it does in the case of a refund.

In the instant case, the fee for the liquor license paid by Raleigh became the property of the State immediately. *Brearton v. Morgan,* 257 App.Div. 34, 12 N.Y.S.2d 99 (3d Dep't 1939). That fee, or the refund due for unexpired time remaining on the period covered by the license was subject to the laws of the State; although the refund would become the property of the licensee on the date of surrender of the license, the final amount embodied in that refund, determined under State law, would be subject to the right of offset provided for in § 127 of the Alcoholic Beverage Control Law. In the present case, therefore, the United States levied on an empty account since no funds remained after deductions were made pursuant to State Law.

Since the State of New York holds no property belonging to Raleigh, summary judgment is hereby granted in favor of defendant, State of New York, dismissing the claim against it. Costs shall not be taxed against plaintiff.

So ordered.