■ In the Matter of DEBRA A. SANFORD, Formerly Known as DEBRA A. BENNETT, Respondent, v JAMES D. BENNETT et al., Appellants. [783 NYS2d 423]—

Rose, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered June 13, 2003 in Otsego County, which granted petitioner's application, in a proceeding pursuant to CPLR 5225 (b), to direct respondents to turn over certain moneys to petitioner, and (2) from the judgment entered thereon.

In January 2000, petitioner obtained a divorce judgment that, among other things, ordered her former husband, John Ben-

nett, to pay $55,111.31. This amount represented the balance of petitioner's distributive share of certain fire insurance proceeds that Bennett had received during the marriage, but had then given to respondents, his parents. This award was reduced to a money judgment in a subsequent contempt proceeding that was later reviewed by this Court (*Bennett v Bennett*, 301 AD2d 806 [2003]). When petitioner's further efforts to recover the amount of her judgment from Bennett proved unavailing, she commenced this turnover proceeding pursuant to CPLR 5225 (b) to recover the money from respondents. Respondents opposed the petition, asserting that they are entitled to the insurance proceeds because they own the premises damaged by fire. Finding no triable issues of fact, Supreme Court summarily granted the petition and awarded a money judgment against respondents.

Respondents appeal, contending that Supreme Court improperly granted the petition without first conducting a hearing and erred in finding petitioner's claim to the insurance proceeds to be superior to their claim. We cannot agree. Because petitioner holds a money judgment against Bennett while respondents allege only an inchoate claim against him, Supreme Court correctly concluded that respondents failed to raise a material question of fact.

Petitioner, as a judgment creditor, had the burden to show that Bennett, the judgment debtor, is entitled to possession of the money received by respondents or that her rights to the money are superior to those of respondents (*see* CPLR 5225 [b]; *Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co.*, 85 NY2d 725, 729 [1995]). Petitioner met her burden in this proceeding by offering her money judgment previously entered against Bennett and the undisputed evidence that he received the proceeds of a fire insurance policy owned in his name alone and transferred the proceeds to respondents for no tangible consideration. Respondents do not allege that they were co-owners or coinsureds with Bennett on the insurance policy, that they paid the policy premium or that Bennett was contractually obligated to give the proceeds to them. Rather, they assert their ownership of the damaged premises as the basis for their claim. However, even if respondents were able to show an equitable interest in the proceeds, petitioner's claim as a judgment creditor would still be superior (*see Matter of City of New York v Bedford Bar & Grill*, 2 NY2d 429, 432-433 [1957]). Similarly, even if respondents' claim against Bennett ultimately were to result in a money judgment of their own, petitioner's prior judgment would still be superior under the common-law

principle of "first in time, first in right" (*see Boris v Flaherty*, 242 AD2d 9, 13 [1998]; *see also* CPLR 5234 [c]). Thus, even if respondents' claim had merit, it would not defeat petitioner's judgment, and their argument that Supreme Court's ruling was an improper application of collateral estoppel is misplaced.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order and the judgment are affirmed, with costs.