# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

598
CA 11-02408
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, AND LINDLEY, JJ.

IN THE MATTER OF CENTERPOINTE CORPORATE PARK
PARTNERSHIP 350, PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MONY, ALSO KNOWN AS THE MONY GROUP, ALSO KNOWN
AS THE MONY GROUP, INC., ET AL., RESPONDENTS.
-------------------------------------------------
BROKER ALLIANCE GROUP, INC., APPELLANT.

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF
COUNSEL), FOR APPELLANT.

MATTAR, D'AGOSTINO & GOTTLIEB, LLP, BUFFALO (DIANA B. CAVALL OF
COUNSEL), FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------

        Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered February 25, 2011.  The order, inter alia,
denied the cross motion of the Broker Alliance Group, Inc. to
intervene and to dismiss the petition.

        It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

        Memorandum:  Petitioner commenced this turnover proceeding
pursuant to CPLR 5225 and 5227 seeking funds held in escrow by MONY
(respondent), which had settled an action commenced against it by,
inter alia, proposed intervenor Broker Alliance Group, Inc. (Broker)
for the sum of $600,000.  The other plaintiffs in the action against
respondent were Empire Financial Services, Inc. (Empire) and its
parent company, EFS Holdings LLC (EFS), which had transferred Empire's
assets to Broker.  In a separate action, petitioner had obtained a
judgment against Empire for $115,221.51.  In this proceeding,
petitioner asserted that the funds owed by respondent to Broker from
the settlement were actually owed to Empire, petitioner's judgment
debtor.  Petitioner moved for an order directing respondent to release
to it the portion of those funds held in escrow, and Broker cross-
moved to intervene and to dismiss the petition, contending that
Empire, and thus petitioner, had no right to the escrowed funds.
Broker appeals from an order that denied its cross motion and granted
the petition, thereby directing respondent to turn over the escrowed
funds to petitioner.

        We conclude that Supreme Court properly determined that

petitioner is entitled to turnover of the funds held in escrow to satisfy its judgment against Empire. At the outset, we reject Broker's contention that it should have been named as a necessary party to the proceeding. Pursuant to CPLR 5225 (b), only the stakeholder must be named as a party to a turnover proceeding, and joinder of the judgment debtor and "any adverse claimant" is permissive (*see generally Colonial Sur. Co. v Lakeview Advisors, LLC*, 93 AD3d 1253, 1256). In any event, even assuming, arguendo, that Broker should have been named as a necessary party in this proceeding, we conclude that petitioner's failure to do so would not mandate dismissal because Broker was on notice of the proceeding and actively sought to intervene (*see generally* CPLR 1003, 1012; *L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 13).

We also reject Broker's contention that the court erred in summarily denying its cross motion to intervene and granting the petition on the papers submitted. In a summary proceeding such as a turnover proceeding pursuant to CPLR 5225 (b), "a court is authorized to 'make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised' " (*Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc.*, 72 AD3d 694, 695, quoting CPLR 409 [b]). A court in a turnover proceeding "will apply summary judgment analysis and[,] absent a factual issue requiring a trial," the matter will be summarily determined on the papers presented (*Matter of Trustco Bank, N.A. v Strong*, 261 AD2d 25, 27). Thus, "a petition in [such] a . . . proceeding must be accompanied by competent evidence raising a material issue of fact" (*id.*). Where an adverse claimant attempts to intervene and "the defenses pleaded in [that claimant's papers] are without merit, a denial of the application [to intervene is] warranted because intervention would merely serve to unduly delay the determination of a summary proceeding and prejudice a substantial right of the judgment creditor to receive payment" (*Vanderbilt Credit Corp. v Chase Manhattan Bank*, 100 AD2d 544, 545).

Here, petitioner established that, as a judgment creditor of Empire, it was entitled to turnover of a portion of the proceeds of Empire's settlement with respondent. In response, Broker failed to submit sufficient evidence to entitle it to a hearing on the merits of its claim to the escrowed settlement funds. Notably, Broker submitted no documentary evidence to substantiate its claim to the funds—not even the settlement agreement, the complaint in the action against respondent or the purchase contract demonstrating which assets of Empire were "sold" to Broker by EFS. Indeed, we agree with petitioner that Broker's submissions in support of its cross motion further demonstrated petitioner's entitlement to the escrowed funds. Broker submitted an affidavit from its principal, who denied that Empire was a party to the purchase agreement between Broker and EFS. In addition, Broker's principal acknowledged that the settlement of the action against respondent was based upon the unjust enrichment cause of action only, and the complaint in that action demonstrates that the unjust enrichment cause of action was pleaded in Empire's name alone. Broker's submissions in support of its contention that the unjust enrichment cause of action inured to its benefit as well consist of

nothing more than the "conclusory, unsubstantiated assertions [of Broker's principal, which] are insufficient to meet [its] burden" on the cross motion (*Villager Constr. v Kozel & Son*, 222 AD2d 1018, 1018).  Even in the event that Broker had some interest in the escrowed funds by virtue of its undocumented contractual relationship to EFS, we nevertheless conclude that, as a judgment creditor of Empire, petitioner was entitled to those funds ahead of Broker (*see generally Matter of Sanford v Bennett*, 11 AD3d 758, 759, *lv denied* 4 NY3d 702).