In the Matter of the Claim of WILLIAM GILBERT, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from the decision of the Unemployment Insurance Appeal Board overruling an initial determination made by the Industrial Commissioner that claimant was ineligible to receive benefits on the ground that he was unavailable for employment. Claimant had participated as a writer and performer in vaudeville and television shows at college, at various summer resorts and in the armed services. Following his discharge from the army claimant obtained work at $60 per week with a textile firm, and continued in this employment for approximately three years until he was laid off because of a seasonal lull. Claimant did not return to work for the former employer in the textile industry and admitted upon the hearing that he had not looked for work at all in the textile field. Claimant testified: "I don't wish to return to industry again. I wish to be a professional writer and I am seeking that type of work." Under these circumstances claimant withdrew from the labor market and rendered himself unavailable for employment for which he was reasonably fitted by training and experience, and is not entitled to unemployment benefits within the spirit and purpose of the Unemployment Insurance Law. Decision of the Unemployment Insurance Appeal Board reversed, on the law, and the initial determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ., concur.

■

In the Matter of the Claim of CORINNE L. AUFIERI, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, which affirmed the decision of a referee which had overruled the initial determination of the Industrial Commissioner. Claimant, a married woman, was temporarily retired from her employment because she was five months pregnant. This was due to an arbitrary policy on the part of her employer. Thereafter, and before she became physically disabled, she applied for unemployment insurance benefits. Her application was denied initially by the Industrial Commissioner on the ground that she was unavailable for employment. The decision disqualifying her from benefits was apparently made on the ground, not that she was pregnant, but rather because she had made no effort to obtain employment. We think there is some evidence in the record which indicates that claimant looked for employment after she was retired, and hence a question of fact arose as to whether she was available for employment within the meaning of section 522 of the Unemployment Insurance Law (Labor Law, art. 18). Decision affirmed, without costs. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.