In the Matter of CAPITOL DISTRIBUTORS CORP., Judgment-Creditor-Respondent, against 2131 EIGHTH AVENUE, INC., Judgment Debtor. MANUFACTURERS TRUST COMPANY, Judgment-Creditor-Appellant.

Third Department, March 16, 1955.

*Charles J. Colgan* and *Donald F. Malin, Jr.,* for appellant.

*Harvey M. Lifset* for respondent.

*Per Curiam.* This is an appeal from an order of the Albany County Court directing the Comptroller of the State of New York to pay to Capitol Distributors Corp., judgment creditor, $545.08 now held by said Comptroller. That sum is the present balance of $1,200 paid to the State Liquor Authority by 2131 Eighth Avenue, Inc., the judgment debtor, when it made application for a liquor license. The order also denied a cross motion by Manufacturers Trust Company for the payment to it of the same money.

On January 28, 1953, Manufacturers Trust loaned Eighth Avenue $1,200 to forward to the State Liquor Authority with its license application. In return, Eighth Avenue delivered to the bank its promissory note and an assignment thereto of its title and interest in money to become due in the event that such license was not granted. Manufacturers Trust made its check for the loaned amount payable to the State Liquor Authority which check was transmitted with the license application. A copy of the assignment was filed with the State Comptroller on April 8, 1953, Eighth Avenue having defaulted in payments on its note.

The State Liquor Authority disapproved Eighth Avenue's license application at some time prior to May 25, 1953. On July 7, 1953, Capitol served on the Comptroller a third-party subpœna in supplementary proceedings.

In the absence of authority on the precise issue here, the court below, by analogy, predicated his decision on decisions of this court (*Palmer* v. *Tremaine,* 259 App. Div. 951; *Atlas Adv. Agency* v. *Casa Cubana,* 259 App. Div. 951), treating an assignment of a refund payable on the surrender of a license as an equitable assignment when executed before the fund came into existence and thus " subordinate to the lien of creditors serving third-party subpœnas upon the Comptroller after the surrender of the license *and the creation of the fund* ". (Emphasis supplied.)

In our opinion the analogy does not exist. The assignment in the instant case was not one of a fund to come into existence in the future, but was of a present interest and for a present consideration. The loan, note, assignment and forwarding of the application and the lender's check were substantially contemporaneous.

The payment required to be forwarded to the State Liquor Authority with a license application is a deposit. It loses its character as such only upon the future eventuality of the granting of the license, in which event the deposit becomes the license fee and a part of the fund provided for in section 125 of the Alcoholic Beverage Control Law. The fact that, in the interim and for administrative reasons, the money has been paid in to the Comptroller cannot be deemed to alter its identity as a deposit. The particular pocket in which an individual depositary carries the deposit is not important.

If an application for a license is denied, the deposit, less a small fee, is to be " returned " by the State Liquor Authority to the applicant (§§ 54, 64). But, if a license holder desires to

surrender his license and the State Liquor Authority approves, the Authority computes the amount of a " refund " which " refund " is to be paid by the Comptroller from " moneys in his custody, derived from license fees received pursuant to this chapter " (Alcoholic Beverage Control Law, §§ 125, 127).

It is clear that an assignment of a refund to become due when and if a licensee surrenders his license is an assignment of a future interest. It must be equally clear that an assignment of a deposit required to be returned to the depositor unless the license is granted, is an assignment of a present interest, and is a present appropriation of the fund in the possession of the depositary. (*O'Connell* v. *City of Worcester,* 225 Mass. 159.)

The order should be reversed, the motion of Capitol Distributors Corp., denied and the cross motion of Manufacturers Trust Company granted, with $10 costs and disbursements.

BERGAN and ZELLER, JJ. (dissenting). In our opinion, the money represented by the check which accompanied the application of 2131 Eighth Avenue, Inc., for a retail liquor license became the property of the State of New York when received by the State Liquor Authority and remitted to the Comptroller. The appellant was entitled to repayment of part of it only if its application should be denied.

This court has held that an assignment of money due from a liquor license refund, created by a surrender of a license, is subordinate to the lien of a judgment creditor serving a third-party subpoena upon the Comptroller after the surrender of the license. (*Palmer* v. *Tremaine,* 259 App. Div. 951; *Atlas Adv. Agency* v. *Casa Cubana,* 259 App. Div. 951.) An assignment of a fund which might come into existence due to a rejection of a liquor license application seems to us to be similar in nature to an assignment of a fund which might be created by a surrender of a liquor license. The lien of Capitol Distributors Corp. was superior in equity to the assignment executed in favor of Manufacturers Trust Company and the decision below was correct.

FOSTER, P. J., COON and IMRIE, JJ., concur in *Per Curiam* opinion; BERGAN and ZELLER, JJ., dissent and vote to affirm in a memorandum.

Order reversed, the motion of the Capitol Distributors Corp. denied and the cross motion of the Manufacturers Trust Company granted, with $10 costs and disbursements. Settle order on notice.