CHEMICAL BANK NEW YORK TRUST Co., Respondent, *v.* STATE OF NEW YORK, Appellant.   (Claim No. 43916.)

Third Department, May 15, 1967.

*Louis J. Lefkowitz, Attorney-General (Robert L. Harrison* and *Ruth Kessler Toch* of counsel), for appellant.

*Frank J. Cahill, Jr.,* and *William I. Rodier, Jr.,* for respondent.

REYNOLDS, J.   This is an appeal by the State of New York from a judgment of the Court of Claims (DEL GIORNO, J.), awarding claimant summary judgment in the amount of $2,730. On January 23, 1964 claimant loaned 575 Mediterranee Ltd. $2,500, the amount of deposits required to accompany Mediterranee's application to the State Liquor Authority for a restaurant liquor license for on-premises consumption and a retail

credit permit. On making the loan claimant received not only a promissory note from Mediterranee but also an assignment of all refund moneys due in the event the application was denied. On March 9, 1964 the application was denied and on March 16 the State Liquor Authority forwarded to the Comptroller refund requests for Mediterranee. Subsequently, on March 18, 1964 claimant filed its assignment with the Comptroller and on May 20, 1964 made a demand for payment of the refund. Thereafter, on May 25, 1964 claimant obtained a default judgment against Mediterranee in the Civil Court of the City of New York for $3,118.87 on the note which had been dishonored by Mediterranee. In reply to its request for refund payment, the Comptroller notified claimant bank that the refunds were being held as a setoff to satisfy unemployment insurance and franchise taxes owed by Mediterranee to the State, the amount of which had not as yet been determined. Claimant then brought the instant proceeding in the Court of Claims for an award based on its claim to the refund, and the Court of Claims sustained claimant's position on the grounds that the Comptroller had no right to subject a special deposit to claims against the depositor emanating from other governmental departments.

The State first urges that summary judgment is not proper in the Court of Claims but we have recently held otherwise in *Vern Norton, Inc.* v. *State of New York* (27 A D 2d 13). The State alternatively urges that the Court of Claims erred in holding that it has no right to withhold a liquor license deposit, when the license is not granted, on the basis that the applicant owes unemployment insurance taxes and franchise taxes.

It seems well established that the State can deduct other tax payments due it from a partial refund due on a liquor license surrender (Alcoholic Beverage Control Law, § 127; *Siegel* v. *State of New York*, 262 App. Div. 388; *Multer* v. *State of New York*, 178 Misc. 360; *Capitol Distrs. Corp.* v. *Kent's Rest.*, 173 Misc. 827).

If there was ever any question concerning offsets against refunds of entire deposits where the license application is initially rejected (see *Yereshefsky* v. *State of New York*, 180 Misc. 191; *Taylor* v. *State of New York*, 43 N Y S 2d 543, revd. 267 App. Div. 924), it was answered by our reversal in the *Taylor* case where we stated: '' The fund advanced by claimant was a loan to the club. The State has the right to offset its claim for unemployment insurance due against the deposit.'' (267 App. Div. 924, 925.) In *Matter of Capitol Distrs. Corp.* v.

*2131 Eighth Ave.* (285 App. Div. 541, affd. 1 N Y 2d 842) setoffs were taken by the Comptroller from the deposit, there being no question in that case as to his right so to do. We conclude on this point that the Comptroller does indeed have the right to assert these offsets in this case.

The next question is to what extent, if any, these offsets are good as against plaintiff, the assignee of the right to the refund. Since we are concerned here with a refund of an entire deposit, and not the partial refund of a license fee upon surrender of a license already issued, it is clear that the assignee's rights vested at the time of the assignment, and not at the time the refund came into existence (*Matter of City of New York* v. *Bedford Bar & Grill*, 2 N Y 2d 429; *Matter of Capitol Distrs. Corp.* v. *2131 Eighth Ave., supra;* see *Stathos* v. *Murphy,* 26 A D 2d 500).

Finding that claimant assignee's rights to the refund date to the time of the assignment (January 23, 1964), the final problem concerns those rights as opposed to the Comptroller's rights to his offsets.

Subdivision 3 of section 41 of the Personal Property Law (now General Obligation Law, § 13-105) provided in pertinent part: "Where a claim or demand can be transferred, the transfer thereof passes an interest, which the transferee may enforce by an action or special proceeding, or interpose as a defense or counter-claim, in his own name, as the transferrer might have done; subject to any defense or counter-claim existing against the transferrer, before notice of the transfer, or against the transferee." Thus the claimant's rights are. the rights of its assignor Mediterranee, subject to any setoffs or counterclaim available to the State against Mediterranee which are based on facts existing prior to the assignment, January 23, 1964, or arising thereafter but prior to the knowledge of the assignment by the State on March 18, 1964 (see Restatement of Contracts, § 167, subd. [1] ). We find nothing in then CPLR 3019 (subd. [c] ) (repealed in 1966) which would overcome the notice requirement of subdivision 3 of section 41 of the Personal Property Law (*Chatham Security Corp.* v. *Williston & Beane,* 22 A D 2d 260, 265, affd. 16 N Y 2d 1016). On the instant record, however, it is not ascertainable to what extent, if any, the setoffs the Comptroller wishes to assess had matured as of March 18, 1964, the time of notice, and, accordingly, no determination of the State's rights can be made in the present posture of the case.

The judgment should be reversed, on the law and the facts, and the motion denied.

Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in opinion per Reynolds, J.

Judgment reversed, on the law and the facts, and motion denied, without costs.