Caroline K. Simon, J.
On January 23, 1964 claimant loaned $2,500 to 575 Mediterranee Ltd., a New York corporation, to be used as a deposit in conjunction with its application to the New York State Liquor Authority for a restaurant liquor license and retail credit permit. As evidence of, and security for the loan, 575 Mediterranee Ltd. executed and delivered, by its president and sole stockholder, a promissory note and written assign *426 ment to claimant of its right, title and interest in the refund in the event licenses were not granted. On January 21, 1964 claimant-assignee, a domestic corporation, issued its checks payable to the Authority in the amount of $2,500 representing the proceeds of the loan. The checks were deposited by the Authority on February 10. On February 28, 1964 claimant’s assignor wrote a letter, sent by registered mail and received by the State on March 2, 1964, in which the State was informed the licensee would cease doing business on February 29, 1964 and requested a refund for the liquor license to the Chemical Bank New York Trust Company.
This letter cannot alter the determining date from which the court must ascertain whether a refund is payable, since the Appellate Division decision controls that by its statement that “it is clear that the assignee’s rights vested at the time of the assignment, and not at the time the refund came into existence ” (27 A D 2d 427, 429).
On March 9 the State Liquor Authority notified the assignor that its application had been disapproved without prejudice. A copy of the assignment was filed in the State Comptroller’s office on March 18.
Claimant demanded payment of the refund in a letter dated May 20 addressed to the New York State department of Audit and Control in Albany, pointing out that its assignor was in default under the terms of the note. On May 27 claimant served an information restraint subpoena on the State. The pertinent answers supplied by an employee of the Refund Audit Section on May 29 are quoted: “ These refunds are held by the State Comptroller subject to offset to satisfy Unemployment Insurance taxes and Corporation Franchise taxes which are in the process of final determination by the Division of Employment and the Corporation Tax Bureau respectively. The State Comptroller asserts .the common law right of setoff where a refundee owes taxes to the State of New York.”
The instant claim for $2,624.67 was timely filed in the office of the Attorney-G-eneral and with the Clerk of the Court of Claims on June 8, 1964. Except for the proceedings hereinafter described, it has neither been assigned nor submitted to any other court or tribunal.
• A motion for summary judgment, pursuant to CPLR 3212 was brought before another Judge of this court. Judgment was granted in a decision dated June 24, 1966 (50 Misc 2d 693). This judgment in the sum of $2,730 was entered, and the State appealed.
*427 In a decision dated May 15,1967, the Appellate Division, Third Department, reversed the Court of Claims decision on the law and. the facts, the motion for summary judgment was denied, and the matter set for retrial in this court (27 A D 2d 427).
The Appellate Division opinion pointed out that the right of the State to deduct taxes due it from refunds of deposits is well established in the law, and cited supporting cases. The question at issue was stated to be whether the State’s rights are paramount to the rights of an assignee, which rights had vested at the time of the assignment, and not when the right to the refund arose.
This court is directed by the Appellate Division to determine the ‘ ‘ extent, if any, the setoffs the Comptroller wishes to assess had matured as of March 18,1964, the time of notice ” (p. 429).
A copy of the corporate franchise tax report of the restaurant corporation for the fiscal year ending October 31,1962, Exhibit D in evidence, indicates a tax due of $25 (minimum) plus penalty and interest of $7.25, or a total of $32.25. This tax is imposed pursuant to article 9-A of the Tax Law. The formula for determining the time which such tax becomes a lien is found in subdivision (j) of section 1092 of article 27 of the Tax Law, which states: “ Lien from due date of return.— (1) In addition to any other lien provided for in this section, each tax imposed by article nine, nine-a, nine-b or nine-c shall become a lien on the date on which the return is required to be filed (without regard to any extension of time for filing such return) ” (italics inserted by this court).
The corporate franchise tax was required to be filed within three and one-half months after the close of the fiscal year. The court determines that this tax became a lien on February 15, 1963, more than a year before the Comptroller received notice of the assignment of the refund.
In an opinion by another Judge of this court, reference is made to a State’s affidavit that $32.25 is owing for the corporate franchise tax. That State document is not before this court, but testimony was adduced that $9.75 is due, and Exhibit D reflects a crediting of $22.50 toward the $32.25 corporate franchise tax and interest debt.
The court finds the balance due on this item should be paid to the State before any refund is paid.
The State introduced as Exhibit Ba“ Notice of Determination of Contributions Due ” for unemployment insurance for the period from March 1, 1963 to February 29, 1964, the date the restaurant discontinued its business. This report, dated June 5, 1964, showed a total sum of $3,554.52 due the State. This amount *428 was calculated as a result of four visits made to the corporate president’s home in April and May of 1964 by a field auditor for the purpose of examining the corporation’s books. The amount was derived as follows: For the second quarter of 1963, $2,575.68 was paid late, leaving a balance of $105.82 plus $91.00 in interest, or $196.82. For the third quarter of 1963, $2,180.56 was paid late, for which late payment the auditor assessed $16.77 in interest. The fourth quarter 1963 contribution of $1,970.44 was never paid. The first quarter 1964 contribution of $1,370.49 also was never paid. A total of $3,446.75 plus $107.77 in interest was claimed to be due to the State. The corporation ceased doing business on February 29, 1964, and thus there were no further amounts due.
Section 530 of article 18 of the Labor Law empowers the Industrial Commissioner to enact rules and regulations for the administration of the unemployment insurance article. Pursuant to this authority he has promulgated section 472.3 of chapter 7 of the Department of Labor Regulations, found in volume 12 of the New York State Codes, Rules and Regulations (12 NYCRR 472.3), which section states in part as follows:
“Reports and payments of contributions, (a) Contributions due under the Unemployment Insurance Law shall be payable quarterly based on wages paid in a quarter. " * * (c) Reports with respect to ‘ remuneration ’ as defined by section 517 and payments of contributions due thereon shall become due on or before the last day of the month following the close of the quarter during which the ivages were paid ”. (Italics added by this court.)
The court, with full respect for the Appellate Division decision, finds that there was due and owing to the State on March 18,1964 the sum of $2,193.78, which is for the remainder of the corporate franchise tax still unpaid, plus that portion of the unemployment insurance taxes which were unpaid and due the State before it had received notice of the assignment to claimant. These sums are tabulated as follows:
Corporate franchise tax balance...... $ 9.75
Unemployment insurance taxes
2d quarter 1963 balance of tax...... 105.82
2d quarter 1963 interest thereon____ 91.00
3d quarter 1963 interest............ 16.77
4th quarter 1963 tax............... 1,970.44
$2,193.78
The interest on the second and third quarter payments are as caleulataed by the State auditor.
*429 The unemployment insurance tax for the first quarter of 1964 did not become due until after the State had notice of claimant’s assignment on March 18, 1964, and, therefore, should not be deducted from the refund. The Comptroller paid $2,477.50 to the Department of Labor for these taxes on July 8,1964 leaving $1,077.02 still due.
Claimant is entitled to recover the remaining balance of the $2,500 held by the State, or $306.22, with interest from March 18, 1964, the date when the assignment was filed with the State, to the date of entry of judgment herein.
All motions to dismiss and for return of the full amount of the deposit, on which decision was reserved, are now denied.