In the Matter of the Claim of CARMEN G. SOTO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, December 29, 1970.

*Stephen L. Kass* (*Barbara A. Lee* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Frederick M. Paola, Samuel A. Hirshowitz* and *Samuel Stern* of counsel), for respondent.

COOKE, J. This is an appeal by claimant from a decision of the Unemployment Insurance Appeal Board, filed June 23, 1970, which sustained a determination that the Commissioner could set off the amount of a previous overpayment against benefits concededly due under a current claim.

The facts are not in dispute. In 1950 and 1951, after filing for unemployment insurance benefits and certifying that she lost employment because of a layoff, claimant received $399 in

benefits before it was discovered that she was laid off because of pregnancy (see *Matter of Aufieri,* 278 App. Div. 733). On March 14, 1952 the Appeal Board sustained a determination that she willfully had made false statements to obtain benefits for which a forfeiture of 52 effective days was imposed. Some 17 years later, claimant filed for benefits effective November 3, 1969 and it was determined, with Appeal Board affirmance, that the $65 a week benefits, to which she was entitled, were to be withheld and applied first as a setoff to the recovery of the $399 overpayment.

Claimant's first argument, that the offset is a forfeiture barred by the two-year Statute of Limitations set forth in section 594 of the Labor Law, is based on a misapprehension of said section. The penalty specified in the first paragraph was intended to create a civil penalty equivalent to the assessment of a definite monetary fine to be applied whenever an employee willfully misrepresented to obtain benefits (Memorandum of the Industrial Commissioner, Governor's Bill Jacket, L. 1941, ch. 783) and what is now the third paragraph was amended to set up a Statute of Limitations on the enforcement of the civil penalty (Memorandum by Senator Hughes, Governor's Bill Jacket, L. 1952, ch. 728). On the other hand, the fourth paragraph, stating that a claimant shall refund all moneys received because of such false statements made by him, merely restates the State's commonlaw right to recover benefits improperly paid out (cf. *Taylor* v. *State of New York,* 267 App. Div. 924). Claimant has confused the issue by calling the Commissioner's setoff a forfeiture, implying that he was enforcing the section 594 penalty, when the setoff was applied merely to recover benefits claimant received because of her own fraud. Neither the two-year period under section 594 nor the three-year period under subdivision 2 of CPLR 214 is applicable (*People* v. *Duggan,* 30 A D 2d 736) and since the Commissioner secured a confession of judgment for the overpayment, the 20-year period under CPLR 211 is relevant.

Nor is the setoff prohibited by subdivision 2 of section 595 of the Labor Law, reading in part: "Benefits shall not be assigned, pledged, encumbered, released, or commuted and shall be exempt from all claims of creditors and from levy, execution, and attachment, or other remedy for recovery or collection of a debt." Said subdivision has been limited in application to creditors and normal debt relations (1940 Opns. Atty. Gen. 241) and has not been applied to setoffs with respect to previous overpayment of benefits (1949 Opns. Atty. Gen. 159). It is reasonable to assume that, when the Legislature re-enacted section 595 without change in 1944 (L. 1944, ch. 705), it acceded to the administrative construc-

tion permitting setoffs (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 75; *Bullock* v. *Cooley,* 225 N. Y. 566, 571). This limited construction is consistent with the reasoning behind setoffs, since a setoff is not an action and, where parties have cross demands over against the other, the real indebtedness is the excess of one debt over the other (*Long Beach Trust Co.* v. *Warshaw,* 264 N. Y. 331, 334).

The decision should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Decision affirmed, without costs.