■ In the Matter of Thomas M. Fahey, Appellant, v Robert Whalen, as Commissioner of New York State Department of Health, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Appellant is owner and operator of a nursing home. In 1974 respondent department of health conducted an audit of Medicaid payments made to the nursing home in the years 1970 and 1971 pursuant to 10 NYCRR 86.8. Upon completion of the audit it notified appellant of overpayments for those years, totaling $34,988. The notices contained attachments summarizing the disallowed expenses and revised rate computations and advised appellant that he had 30 days to protest the adjustment or submit new data to justify the former rate and that failure to do so would be considered acceptance of the department's findings (see 10 NYCRR 86.8[d]). No protest was received and the respondent Commissioner of Onondaga County Department of Social Services, acting for the State agencies, undertook to collect the overpayment by making deductions from current payments due to appellant. Appellant brought this article 78 proceeding seeking to compel the payment of its Medicaid funds for the year 1975 without setoff for any alleged overpayments made in 1970 and 1971. Special Term, apparently with the consent of the parties, decided the matter on the papers and dismissed the petition. It also denied a subsequent application to reargue or renew. The notice of appeal covers only the original judgment (denominated order) dismissing the petition. The primary contentions of the appellant are that the respondents were without authority to recoup the claimed overpayments by setoff against its 1975 payments, that it has been denied due process by the failure of respondents to conduct a hearing on the rate revision and, in the motion to renew, that respondents have proceeded against the wrong party by recouping from this appellant rather than a former owner of the nursing home. Appellant can hardly raise an issue of error in computation of the overpayment because of the audit. He did not protest the revision or supply additional data to refute it within the time provided as required by the notice and the regulations (10 NYCRR 86.8[d]), he did not question the computation in the court below and he challenges it here only in a conclusory fashion without any specific assignment of error. Under the circumstances, we decline to consider the point, now raised for the first time on appeal (see *Rentways v O'Neill Milk & Cream Co.,* 308 NY 342). The fact and amount of the State's overpayment for the prior years was established and respondents had the implied power to recoup the overpayment by setting off the amounts due against the 1975 reimbursements (see *Williams Press v State of New York,* 45 AD2d 397, 402–403, revd on other grounds 37 NY2d 434; *Matter of Soto [Catherwood],* 35 AD2d 395;

*Chemical Bank N. Y. Trust Co. v State of New York,* 27 AD2d 427; and see *United States v Munsey Trust Co.,* 332 US 234, 239–240). Contrary to respondents' contention, the order of Special Term denying the application to renew is properly before the court even though no notice of appeal was filed, because it is a subsequent order to the order appealed from (CPLR 5517, subd [b]). Special Term did not abuse its discretion in denying renewal, however. The matter sought to be introduced on the motion was intended to prove that the prior owner of the nursing home was responsible for the repayment, not appellant. At the time of the original motion, when appellant was concerned with the possibility that he might not be considered the real party in interest, he apparently took the position that he was a partner with a proprietary interest in the business during the years 1970 and 1971. In any event, the court offered the appellant sufficient time to submit this additional information on ownership before it rendered its original decision. The purpose of a motion to renew is to supply defects in the proof or offer new evidence. At a minimum, the application requires an explanation of why available evidence was not produced at the time of the original hearing. The moving papers submitted to Special Term contained no explanation for the delay, and the general statements contained in appellant's brief would not warrant our reversing the courts's discretionary ruling denying renewal. (Appeal from judgment of Onondaga Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.