FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60602.)

Third Department, January 4, 1979

APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for appellant.

*Charles E. Snow* for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

On June 26, 1972, the Department of Environmental Conservation contracted with Jo-Gar Construction, Inc. (hereinafter Contractor) for the erection of sanitary facilities at Lewey Lake Campsite in Hamilton County. The Contractor furnished a performance bond assuring the completion of the contract and a labor and material bond to pay all money due to workmen and materialmen. When the Contractor failed to complete the work, the Department of Environmental Conservation terminated the contract and demanded that the Contractor's surety, the claimant herein, complete the work in accordance with the performance bond. Claimant completed the work and insisted that the State pay over the contract balance of $11,241.27 since it had been caused to expend sums in excess of that amount to finish the job. The State paid claimant $9,541.68 and retained $1,699.59 explaining that the latter sum represented a claim filed against the Contractor by the Department of Labor for unpaid unemployment insurance contributions. Claimant sued and after issue was joined moved for summary judgment. The Court of Claims granted the motion and this appeal ensued.

There must be an affirmance.

Employers in the position of Contractor are required to make unemployment insurance contributions to insure that workers are protected from "economic insecurity due to unemployment" (Labor Law, § 501). Such contributions are guaranteed by the labor and material bond which the Comptroller is authorized to require (State Finance Law, § 137, subd 1). The record, however, does not reflect any attempt by the State to exercise its rights under the labor and material bond. The issue, then, is whether the surety who is called upon to perform under the terms of its performance bond is entitled to be subrogated to the rights of its defaulting insured and demand all retainage money after the work has been completed.

While it is generally true that subrogation cannot be used

to defeat the Comptroller's right to offset valid claims against one to whom money is due from the State *(Chemical Bank N. Y. Trust Co. v State of New York,* 27 AD2d 427, 428-429), that principle is not applicable where, as here, the demanded retainage was kept by the State to insure that the work was completed on time and not to insure that workers and materialmen were paid. Stated another way, the retainage did not secure the Contractor's obligation to pay for labor or materials. The obligation or debt, therefore, that the claimant paid for its insured, which was completion of the job, was directly related to the retainage which secured the obligation of performance. Consequently, the retainage, as additional security in the hands of the obligee, became available to the surety of the obligor when the former completed the contract *(Lewis v Palmer,* 28 NY 271, 275-276). The claimant surety's equitable right of subrogation relates back to the time when the obligee could have looked to the retainage in order to use the same to complete performance *(Lewis v Palmer, supra).* This occurred at the time of the Contractor's default, a point in time before any default in payment of unemployment insurance contributions. This matured right in the surety cannot be defeated by any attempt by the State to offset by counterclaim a debt related to payment for work or materials and not to performance.

The judgment should be affirmed, with costs.

GREENBLOTT, SWEENEY, KANE and MIKOLL, JJ., concur.

Judgment affirmed, with costs.