■ AETNA CASUALTY AND SURETY COMPANY, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 62186.) — Cross appeals from a judgment in favor of the State, entered July 18, 1980, upon a decision of the Court of Claims (Murray, J.). Suburban Excavators, Inc. (Suburban)

entered into two highway construction contracts with defendant New York State's Department of Transportation. Contract No. D 62652 was dated October 23, 1972 and Contract No. D 71306 was dated January 28, 1974. Suburban furnished the State with a performance bond and a labor and material payment bond, as required by section 137 of the State Finance Law. Suburban performed under its contracts until it was declared in default by the State on the initial contract in November, 1975, and on the second contract in December, 1975. Prior to Suburban's default, defendant had certified that $256,799.41 was due on Contract No. D 62652, and that $163,977.71 was due on Contract No. D 71306. On or about November 18, 1975, the State Department of Taxation and Finance filed tax warrants in the amount of $177,231.17 against moneys due under the two contracts for withholding taxes not remitted by the contractor. A levy for unpaid unemployment insurance tax contributions in the amount of $21,010.88 was filed by the Department of Labor on January 10, 1977 against one of the contracts. To ensure completion of the contracts, claimant, under its bond, proceeded to complete the work and entered into an arrangement with defendant whereby the State Department of Audit and Control would retain $280,000 from certified contract estimates, earned by the contractor before default, $140,000 on each contract, to be put in an escrow account subject to later adjudication. The arrangement was approved by a Justice of the Supreme Court by order dated March 31, 1976. Thereafter, claimant completed the two projects. Having paid both liens and labor materials claims far in excess of the $140,000 held in each contract, claimant, as subrogee and assignee of those lienors and payees, filed the instant claim against the State in the Court of Claims on June 8, 1978 seeking the $280,000. The State counterclaimed, asserting its right to set off the unpaid taxes. On December 6, 1978, the Supreme Court modified its previous orders and permitted the Court of Claims to hear the issue. The Court of Claims held that defendant had the right to set off its tax warrants and unemployment insurance levy against moneys due under the contracts. It, therefore, granted claimant summary judgment for $280,000 less the money due on the tax warrants and levy, plus interest, or $107,486.62 in total. Claimant appeals only the denial of payment of the full $280,000. Defendant has cross-appealed from the entire judgment. At the outset, the determination by the Court of Claims allowing the sum of $21,010.88 in unpaid unemployment insurance contributions to be set off against the $280,000 fund was erroneous, and said amount should be awarded to claimant. The State has conceded that this setoff was incorrect since the $280,000 fund was never meant, as a matter of contract between the parties, to serve as a source for recovery of unpaid unemployment insurance contributions. The agreement reached between claimant and the State Department of Audit and Control, as approved by the Supreme Court, specifically stated that the $280,000 fund represented "certified contract estimates duly earned by Suburban Excavators, Inc." and was "to be retained for and pending determination of the rights to said moneys of the New York State Department of Taxation and Finance *for unpaid withholding taxes allegedly due from Suburban Excavators, Inc.*" (emphasis added). Were it not for this limitation in the parties' agreement, there would have been no reason why unpaid unemployment insurance contributions could not have been set off against this fund which, representing moneys which were certified as having been earned by the contractor, was in the nature of a payment bond and could be used to offset debts related to payment for work and materials (see *Firemen's Ins. Co. of Newark, N.J. v State of New York,* 65 AD2d 241). Turning now to the issue regarding the State's right to set off $177,231.17 in withholding taxes allegedly owed by the contractor against the escrow fund,

there is nothing wrong with the logic behind the Court of Claims decision which permitted unpaid withholding taxes to be set off against moneys in the nature of a payment bond (see *id.;* contra *Hartford Acc. & Ind. Co. v Ritter,* 69 Misc 2d 981). Although the agreement between the parties in the instant case specifically provides that the fund is for such a purpose, the record is unclear as to whether the withholding taxes at issue are due on the contracts for which the payment bonds were given. In fact, the State's brief says that the tax liens were for unpaid withholding taxes "which, in all likelihood, referred at least in part to payment for employees on these very contracts", thereby suggesting that not all of the unpaid taxes were for wages paid under the contracts covered by the payment bonds. Accordingly, the judgment should be reversed and the matter remitted for a hearing to determine what portion of the unpaid withholding taxes was due on the two contracts involved in this claim. Judgment reversed, on the law and the facts, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.