■ ALFRED FACTEAU et al., Appellants-Respondents, v CHRISTINE COTE et al., Respondents-Appellants. — Cross appeals from an order of the Supreme Court at Special Term (Shea, J.), entered September 8, 1980 in Clinton County, which denied motions by plaintiffs and defendants for summary judgment, and appeal by plaintiffs from an order of the same court, entered April 20, 1981 in Clinton County, which denied plaintiffs' motion for leave to renew their motion for partial summary judgment on the issue of liability. On July 7, 1979, plaintiff Alfred Facteau was allegedly injured when he fell from a roof he was painting at the home of defendant Christine Cote. His services had been engaged by defendant Aline Cote, the daughter of Christine Cote, and as a consequence of the incident the present action ensued wherein plaintiffs seek damages from defendants for their injuries which allegedly resulted from the fall. Basically, plaintiffs charged in their complaint that defendants violated subdivision 1 of section 240 of the Labor Law, as it stood prior to its 1980 amendment, by failing to provide Alfred Facteau with scaffolding and other devices so that he could safely perform his painting tasks at the Cote residence, and that Alfred Facteau's injuries are a result of this negligence. Theresa Facteau alleged a derivative cause of action. Subsequently, plaintiffs moved for summary judgment on the issue of liability and defendants cross-moved for summary judgment dismissing the complaint. Both of these motions were denied as was a later motion by plaintiffs for leave to renew their motion for partial summary judgment. The instant appeals followed. We hold that the challenged orders of Special Term should be affirmed. Considering initially the motion to renew, we find that it is premised upon an affidavit of Alfred Facteau wherein he states, based upon his experience and understanding of what is "good, safe, and proper usage in the trade", that it was unsafe for him to use the aluminum ladder provided by defendants for the performance of his work and that he sustained his injuries because he left the unsafe ladder to do the painting from the roof itself. No explanation is provided either in the affidavit or elsewhere, however, as to why this information could not have been presented at the original hearing on plaintiffs' summary judgment motion. Accordingly, the court's denial of the motion to renew was not an abuse of discretion, and it should not be disturbed (*Foley v Roche*, 68 AD2d 558; *Matter of Fahey v Whalen*, 54 AD2d 1097, app dsmd 41 NY2d 900). Similarly, the original motions for summary judgment were also properly denied. Factual issues are clearly presented in this case relating to defendants' alleged violation of the statute in question and to whether or not said violation, if proven, was a proximate cause of plaintiffs' injuries. Under these circumstances, it would have obviously been error to grant summary judgment to either plaintiffs or defendants (cf. *Barr v County of Albany*, 50 NY2d 247; *Duda v Rouse Constr. Corp.*, 32 NY2d 405). Orders affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, concur.